Robert W. Dickerson, Jr. (SBN 89367)
E-mail: rdickerson@comp-techlaw.com
Allan W. Jansen (SBN 81992)
E-mail: ajansen@comp-techlaw.com
COMPETITION & TECHNOLOGY LAW GROUP LLP
11400 West Olympic, Blvd., Suite 200
Los Angeles, CA 90064
Tel:  (310) 774-2337
Fax: (213) 799-3642

*Attorneys for Plaintiffs*
*The Peggs Company, Inc. and Supercart NA, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEGGS COMPANY, INC. and SUPERCART NA, INC. <br><br> Plaintiffs, <br><br> v. <br><br> AMERICANA ENTERPRISES, INC. <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR** <br><br> **DECLARATORY JUDGMENT** |

Plaintiffs, The Peggs Company, Inc. ("Peggs") and Supercart NA, Inc. ("Supercart"), by and through their undersigned counsel, bring this complaint for

a Declaratory Judgment against defendant Americana Enterprises, Inc. ("Defendant") and allege as follows:

## I.    NATURE OF THE ACTION

1. Plaintiffs seek a declaratory judgment that each of the two U.S. utility patents Defendant has accused Plaintiffs of infringing ("the Asserted Utility Patents") not infringed by any products made, offered for sale, or sold by Plaintiffs, and/or is invalid.

2. Plaintiffs also seek a declaratory judgement that each of the two U.S. design patents Defendant has accused Plaintiffs of infringing ("the Asserted Design Patents") are not infringed by any products made, offered for sale or sold by Plaintiffs, and/or is invalid.

3. By letter dated April 10, 2026, Defendant asserted that Plaintiffs have infringed and continue to infringe claim 1 of utility patent U.S. Patent No. 9,174,659 ("the '659 patent") and claim 1 of utility patent U.S. Patent No. 9,731, 742 ("the '742 patent").

4. In the same April 10 letter, Defendant further asserted that Plaintiffs have infringed and continue to infringe United States Design Patent No. D747,587 ("the 'D587 patent) and United States Design Patent No. D710,562 ("the 'D562 patent").  The four asserted patents are collectively referred to as "the Asserted Patents").

5. On information and belief, Defendant is the owner of the Asserted Patents by virtue of assignment from Bemis Manufacturing Company, as part of an assignment of approximately 150 patents and patent applications (design and

utility).

6. On information and belief, no one employed by or otherwise affiliated with Defendant is an inventor or co-inventor on any of the Asserted Patents, or on any one of the approximately 150 patents and patent applications assigned to Defendant.

7. On June 1, 2026, Plaintiffs, by their counsel, submitted to Defendant's counsel an extensive, substantive response to Defendant's April 10, 2026 letter. Plaintiff's June 1, 2026 letter explained in detail the bases for Plaintiffs' conclusions that:

- the Asserted Utility Patents are not infringed;
- the asserted claim of each Utility Patent is invalid;
- the Asserted Design Patents are not infringed;
- the allegation of design patent infringement with its overly expansive view of the scope of the patents render the design patents invalid based upon prior art; and
- the Asserted Design Patents are also invalid because the appearance of the patented design elements are dictated by their function, are devoid of any ornamentality, and are therefore ineligible for design patent protection.

8. Plaintiffs seek a declaratory judgment that each of the Asserted Utility Patents is not infringed by any product manufactured, used, offered for sale or sold by Plaintiffs, and/or is invalid.

9. Plaintiffs further seek a declaratory judgement that each of the Asserted

Design Patents is not infringed by any product manufactured, used or sold by Plaintiffs and/or is invalid.

10. Plaintiffs further seek a declaratory judgment that this case is "exceptional" in that Defendant's allegations of infringement are demonstrably baseless, justifying an award to Plaintiffs of their costs and attorney fees.

## II.    THE PARTIES

11. Plaintiff Peggs is a family-owned California corporation with a principal place of business in Riverside, California.  Peggs has been in the business of developing, manufacturing and selling shopping carts (among other products) for over six decades. *See* https://thepeggscompany.com/about-us/.

12. Plaintiff Supercart is a Delaware corporation having a principal place of business in Sandy Spring, Maryland.  Supercart is also in the business of developing, manufacturing and selling shopping carts.

13. Plaintiffs are collaborating on the development, manufacture and sale of a line of plastic shopping carts. *See https://supercartna.com/.*

14. Defendant Americana is believed to be a Delaware corporation having a principal place of business in Omaha, Nebraska

## III.    JURISDICTION AND VENUE

### Subject Matter Jurisdiction

15. This Court has original and exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because this Complaint states claims arising under Acts of Congress, including the Patent Act, *i.e.*, 35 U.S.C. § 101 et. seq.

16. This Court also has original and exclusive subject matter jurisdiction over these claims because this Complaint arises under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), in that it involves an actual case or controversy due to Defendant's accusations that Plaintiffs have infringed and continue to infringe the Asserted Patents and has demanded that Plaintiffs cease further manufacture, offering for sale, and sale of the products Defendant alleges are infringed by Plaintiffs, among other demands.

**Personal Jurisdiction**

17. This Court has specific personal jurisdiction over Defendant because it sent a cease & desist letter dated April 10, 2026 to Plaintiffs in California and into this District asserting that  Plaintiffs have infringed and continue to infringe two United States Utility Patents and two United States Design Patents, and making various demands of Plaintiffs, including a cessation of sales of the accused products, requesting an accounting, among other demands as set forth in the April 10 Letter. The alleged infringement occurs in substantial part in this judicial district. Defendant is also subject to personal jurisdiction in California because it regularly solicits business in California.  Defendant's website (https://www.americanacarts.com/) boasts it is (caps, relative font sizes and bold in original):

**ONE OF THE WORLD'S LARGEST MANUFACTURERS & SERVICE PROVIDERS OF SHOPPING CARTS & MATERIAL HANDLING EQUIPMENT**

Its website also offers "Online shipping available to USA, Canada and Mexico. On information and belief, Defendant regularly ships products into California and

thus has continuous and systematic business contacts with California. This, plus its April 10, 2026 cease and desist letter sent to Plaintiffs in California and accusing Plaintiffs of infringement in California, establish Defendant's "minimum contacts" with California.

**Venue**

18. Venue is proper in this District under 28 U.S.C § 1391 because Defendant has committed acts as described herein and is subject to personal jurisdiction in this District; Plaintiff Peggs is a California corporation with its principal place of business in this District, and Plaintiff Supercart is collaborating with Peggs in this District with respect to the carts Defendant has accused of infringement.

## IV.   PLAINTIFFS' DECLARATORY JUDGMENT STANDING

19. This Court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., because this case presents an actual controversy within the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). An actual controversy exists within the Court's jurisdiction because Defendant has demanded that Plaintiffs cease the manufacture, offering for sale, and sale of the accused carts, and that Plaintiffs are liable for patent infringement.

20. Plaintiffs' apprehension of patent litigation against it by Defendant is real, reasonable and imminent.

## THE ASSERTED PATENTS

21. The '659 Patent is entitled "Handle for Shopping Cart" and issued on an

application filed March 14, 2014, which was a continuation-in-part of application No. 13/609,070 filed on September 10, 2012.

22. The '742 Patent is entitled "Shopping Cart" and issued on an application filed October 15, 2015. It is a continuation of an application filed on March 14, 2014, now Patent No. 9,174,659. It is a continuation-in-part of an application filed on September 10, 2012, now Patent No. 9,227,646.

23. The 'D587 patent issued on January 12, 2016, and is entitled "Shopping Cart."  The application for the 'D587 patent was filed on October 11, 2013.

24.  The 'D562 patent issued on August 5, 2014, and is entitled "Shopping Cart."  The application for the 'D562 patent was filed on October 11, 2013.

**COUNT I – DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D710,562**

25. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

26. This is a true and correct depiction of the design in the 'D562 patent shown by the solid lines. These are figures from the 'D562 Patent.  The portion shown in solid lines is a cover plate for attachment to the upright member of a shopping cart:

 

Complaint for Declaratory Judgment

27. This is a true and correct depiction of Plaintiffs' accused product:



28. The patented and accused cover plates are intended and designed for attachment to an upright member on a shopping cart (as depicted in the design patent drawings above).

29. This is a true and correct depiction of the patented design side-by-side with Plaintiffs' accused cover plate.



30. The differences in appearance between the patented and accused cover plates are immediately apparent and significant.

31. The patented cover plate has approximately the same width top to bottom; whereas the accused cover plate's upper portion is visibly narrower than its lower portion.

32. The patented cover plate has a V-shaped transition from the upper

Complaint for Declaratory Judgment

portion to the lower portion; whereas the accused cover plate has a curved transition.

33. The transition from the upper portion to lower portion in the patented cover plate occurs very near the longitudinal mid-point of the plate; whereas the transition from the upper portion to lower portion in the accused cover plate is very near the bottom of the plate.

34. The lower end of the patented cover plate is cross-cut horizontal to the ground (as seen when installed on an upright cart), and the upper end is cross-cut very close to horizonal to the ground; whereas the bottom end of the accused cover plate is not cross-cut horizontal to the ground, but at what would appear to an ordinary observer to be at a 25-30 degree angle; and the upper end of the accused plate is not cross-cut at all.

35. The upper end of the patented cover plate ends at the horizontal cross-cut; whereas the upper end of the accused plate has a single-wing-like element that extends upwardly and rearwardly (relative to the cart basket) and is a distinctive element not included in the patented cover plate.

36. The visible-when-installed side of the patented cover plate (which is depicted in the design patent drawings) is flat across its entire surface without any ornamentation; whereas the accused cover plate is not flat and has distinctive ridges.

37. Under the "ordinary observer" test, a reasonable ordinary observer would not confuse the accused cover plate with the patented cover plate.

///

9                  Complaint for Declaratory Judgment

## COUNT II– DECLARATORY JUDGMENT OF INVALIDITY OF

## U.S. PATENT NO. D710,562

38. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

39. A design patent protects the nonfunctional aspects of an ornamental design claimed in a design patent. The patentability of a design requires that the design must be primarily ornamental in character. If a design-patented design is dictated by performance of the article, and/or lacks ornamentality, the design patent is invalid.

40. Defendant's patented cover plate design lacks ornamentality, and its design is dictated by function. It is sized and shaped to precisely fit the upright member of the shopping cart to which it is attached.

41. The 'D562 patent is invalid as lacking ornamentality, and its size, shape and appearance are dictated by functional considerations; that is, to attach to and cover the upright member of a shopping cart.

## COUNT III – DECLARATORY JUDGEMENT OF

## NON-INFRINGEMENT OF U.S. PATENT NO. D747,587

42. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

43. Set forth below is a true and correct depiction of the patented design in the 'D587 patent as shown in figures included in that patent:

///

///

Complaint for Declaratory Judgment



44. The patented design in the 'D587 patent is the same as in the 'D562 patent, with the only difference being in the 'D562 patent, the cover plate is shown attached to a shopping cart having two baskets, while in the 'D587 patent, the patented cover plate is shown attached to a single-basket shopping cart.

45. For the same reasons as stated above for the "D562 patent, a reasonable ordinary observer would not confuse the accused cover plate with the patented cover plate, therefore there is no infringement of the 'D587 patent.

## COUNT IV– DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. D747,587

46. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

47. The patented design in the 'D587 patent is the same as in the 'D562 patent, with the only difference that in the 'D587 patent, the cover plate is shown attached to a two-basket shopping cart, while in the 'D562 patent, it is shown attached to a single-basket shopping cart.

48. For the same reasons as stated above for the "D562 patent, the 'D587 patent is invalid as lacking ornamentality, and its size, shape and appearance are

dictated by functional considerations; that is, to attach to and cover the upright member of a shopping cart.

## COUNT V – DECLARATORY JUDGEMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,174,659

49. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

50. Defendant has accused Plaintiffs of infringing Claim 1 of the '659 patent for a nestable shopping cart having a "handle assembly" and a "rear gate" which must be able to rotate upwardly so the carts can nest when not in use (as seen for example in most grocery stores) with the front portion of the basket of one cart sliding into the rear portion of the basket of another similar cart.

51. Claim 1 of the '659 patent includes the following limitation: "**the handle assembly is configured to support the rear gate for pivoting movement relative to the basket.**"  In other words, the rear gate is rotatably attached to the handle of the cart so the gate will rotate upwardly to allow nesting.

52. In Plaintiffs' accused carts, however, the rear gate is <u>not</u> attached to the cart's handle assembly.  Rather the rear gate is attached to the two sidewalls of the cart's basket, as shown in these true and correct photographs of the accused carts where the rear gate is attached to the basket side panels (in grey color) not to the cart's handle assembly (in black color):

  

Complaint for Declaratory Judgment

53. The accused carts do not infringe Claim 1 of the '659 patent, the only claim asserted by Defendant to be infringed by Plaintiffs.

## COUNT VI – DECLARATORY JUDGMENT OF

## INVALIDITTY OF U.S. PATENT NO. 9,174,659

54. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the foregoing paragraphs.

55. The concept of a rear gate of a shopping cart being rotatably attached to the handle assembly of the cart is disclosed in the prior art.

56. For example, a rear gate pivotably attached to the cart's handle assembly is shown in published patent application US20070063463A1, published in 2007.

57. These are true and correct drawings (and a portion of a drawing) from this 2007-published patent application, which shows the rear gate of the cart pivotably attached to the cart's handle assembly:



58. The other limitations in Claim 1 of the '659 patent are also shown in the prior art, such that Claim 1, the only Claim of the '659 patent asserted against

Plaintiffs, is invalid under 35 USC §§ 102 and/or 103.

## COUNT VII – DECLARATORY JUDGEMENT OF

## NON-INFRINGEMENT OF U.S. PATENT NO. 9,731,742

59. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

60. Defendant has accused Plaintiffs of infringing Claim 1 of the '742 patent, which reads as follows (emphasis added):

A shopping cart comprising:

a frame including an upright member and a plurality of rolling elements supporting the upright member, the upright member extending along a longitudinal axis;

a basket slidably coupled to the upright member in a direction parallel to the longitudinal axis;

an opening positioned on one of the upright member and the basket, the opening extending through the one of the upright member and the basket in a direction perpendicular to the longitudinal axis; and

**a stop member protruding from the other of the upright member** and the basket in a direction perpendicular to the longitudinal axis, **the stop member being received within the opening when the basket** is in a predetermined position relative to the upright member, **thereby securing the basket against movement relative to the upright member**.

61. As the true and correct photographs below show, Plaintiffs' accused carts do <u>not</u> have "a stop member protruding from the other upright member… thereby securing the basket against movement relative to the upright member."

62. Instead, Plaintiffs' accused carts use several screws to secure the basket(s) to the upright member as shown here:

 

63. Plaintiffs' accused carts do not infringe Claim 1 of the '742 patent, the only claim asserted by Defendant to be infringed by Plaintiffs.

**COUNT VIII– DECLARATORY JUDGMENT OF**

**INVALIDITY OF U.S. PATENT NO. 9,731,742**

64. Plaintiffs re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs.

65. The prior art discloses the concept of a shopping cart having upright members into which a basket or baskets ae inserted, and have a stop member protruding from one end of the upright member, the stop member being received within an opening when the basket is in a predetermined position relative to the

upright member, thereby securing the basket against movement relative to the upright member.

66. For example, prior art reference U.S Patent No. 7,213,821 ("Johnson," issued May 8, 2007) shows each of the limitations of claim 1 of the '742 patent, particularly in combination with patent DE19926424 ("Blaha," published December 14, 20002), and thus disclose each limitation of Claim 1 of the '742 patent.

67. Johnson discloses an expandable shopping cart having upright corner posts and a basket structure with an upper loop, secondary walls, and rods received within the posts. The rods are positioned selectively, and an outwardly biased pin engages holes in the posts to lock the assembly at a selected height, thus corresponding to a protruding stop member received within an opening. *See*, Figure 2 and Paragraph 0016.

68. Blaha discloses a shopping cart comprising a chassis having upright supports (*i.e.* upright members) and a basket supported on a support member [7]. *See* Figures 1-3 and Paragraphs 0015 and 0016.

69. The support device has locking means which are guided on the parallel supports [Paragraph 0016].  Further, the support device shell portions carry protrusions (*i.e.,* stop members) that engage corresponding and aligned hole pairs formed along the supports (*i.e.,* openings). This allows the support arrangement to be selectively positioned and secured relative to the chassis. *See* Paragraphs 0016, 0017.

70. The '742 patent is invalid under 35 U.S.C. §§ 102 and/or 103.

**PRAYER FOR RELIEF**

WHEREFORE, in view of the foregoing, Plaintiffs respectfully request that this Court enter judgment as follows:

A.    Declare that Plaintiffs do not infringe and have not infringed the 'D562 patent;

B.    Declare that the 'D562 patent is invalid;

C.    Declare that Plaintiffs do not infringe and have not infringed the 'D587 patent;

D.    Declare that the 'D587 patent is invalid;

E.    Declare that Plaintiffs do not infringe and have not infringed the asserted claim(s) of the '659 patent;

F.    Declare that any allegedly infringed claim(s) of the '659 Patent are invalid;

G.    Declare that Plaintiffs do not infringe and have not infringed any asserted claim(s) of the '742 patent.

H.    Declare that any allegedly infringed claim(s) of the '742 patent are invalid;

I.    Declare that this is an "exceptional case" due to the demonstrably lack of merit of Defendant's allegations of infringement by Plaintiffs;

J.    Award Plaintiffs their attorney fees and costs;

K.    Award such other and further relief to Plaintiffs as this Court may deem just, equitable and proper.

///

## V.    JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

Date: June 1, 2026                    **COMPETITION & TECHNOLOGY LAW GROUP LLP**

Robert W. Dickerson, Jr.
rdickerson@comp-techlaw.com
11400 West Olympic, Blvd., Suite 200
Los Angeles, CA 90064
Tel:     (310) 774-2337
Mobile: (213) 610-1676
Fax:     (213) 799-3642

Counsel for Plaintiffs
The Peggs Company, Inc. and
Supercart NA, Inc.